# Cooper v. Leaman, Appellant.

*Will—Vested and contingent remainder—Estate in fee—Marketable title.*
Testatrix devised land to her daughter in fee, but added in the next clause of the will, "And in the event my daughter should die single, unmarried and without issue, it is my will and I hereby give, bequeath and devise all my said estate, real and personal, as aforesaid, unto my dear beloved mother and to her heirs." The daughter, after the death of the grandmother, whose sole heir she was, and after the death of two children whom she had had, contracted to sell the land to another. *Held,* that she had an estate in fee simple and could make a good marketable title.

Argued May 15, 1905.   Appeal, No. 131, Jan. T., 1905, by defendant, from judgment of C. P. Lancaster Co., April T., 1905, No. 11, on case stated to determine marketable title to real estate in case of Elizabeth B. Cooper v. Jere M. Leaman. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Case stated to determine marketable title to real estate.

By the terms of the case stated it appeared that Harriet Brandt died on June 13, 1904, leaving a last will and testament, dated January 9, 1878, in which she provided, inter alia, as follows : " I give, bequeath and devise all my estate, real and personal, which I may die seized and possessed of, to my only daughter, Lizzie Shearer, and to her heirs ; and, in the event of my daughter, Lizzie Shearer, should die single, unmarried and without issue, it is my will, and I do hereby give and bequeath and devise all my said estate, real and personal, as aforesaid, to my dear beloved mother, and to her heirs." Mary Brandt, who was the mother of Harriet Brandt, died before the daughter, leaving no other heir, and Lizzie Shearer, who is the plaintiff, was married November 26, 1895, to Amos Cooper, and she had two children, both of whom, however, died prior to the death of testatrix.

The plaintiff agreed, in consideration of the sum of $1,600, to convey to the defendant, in fee simple, a lot of ground, and tendered him a deed of conveyance and demanded the purchase money, but he refused to accept the said deed, alleging

that the title was defective, in that the will of Harriet Brandt only vested in her a life estate.

The court in an opinion by LANDIS, P. J., entered judgment for plaintiff.    Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*W. U. Hensel,* for appellant.

No paper-book or appearance for appellee.

PER CURIAM, June 22, 1905 :

Testatrix devised the land to her daughter in fee, but added in the next clause of the will : " And in the event my daughter, Lizzie, should die single, unmarried and without issue, it is my will and I hereby give, bequeath and devise all my said estate, real and personal, as aforesaid, unto my dear beloved mother and to her heirs."

The contingency has not happened, for the daughter is married and has had children, though there are none now living. Under our cases the testatrix by such clause is presumed to mean the death of the devisee during her own lifetime : Morrison v. Truby, 145 Pa. 540.

But even if that rule of construction should not be invoked and the plaintiff surviving her husband should die without having other children, so that the devise over should still be held effective, plaintiff under it, by the death of her grandmother, has now a vested remainder in fee.    Her deed, therefore, will pass her present estate, whatever it be, and a remainder in fee, to the grantee.

Judgment affirmed.